## Molina v. Viuda de Martinez & Co. Et Al.

## Appeal in cassation from a judgment rendered by the District Court of Arecibo.

No. 28.—Decided March 2, 1903.

Intervention of ownership.—The trial court found that a certain contract of sale of real property, executed by the plaintiff and one of the defendants in this case, had been executed to defraud the other defendant, and held that such deed of sale was null and void. Held: That in order to sustain the alleged error of fact in the consideration of the evidence, it is necessary under paragraph 7 of Article 1690 of the Law of Civil Procedure to establish by documents or authentic acts showing the evident error of the judge, that the debt sought to be recovered had been contracted subsequently to the deed of sale; that a consideration had really been paid by the vendee to the vendor; that the latter had retained sufficient property to cover said debt, and that the vendee was not aware that such liability existed.

Evidence.—Documentary and oral.—Confessions.—Where the trial court has given to documents introduced at the trial the scope and meaning thereof provided by law, and has given due weight to the evidence of confession and has weighed the force of the declarations of witnesses according to the rules of sound judgment, no error has been committed.

Nullity of an act or contract.—The legal doctrine that actions or exceptions based on the nullity of an act or obligation or a public document cannot be duly prosecuted unless the declaration of such nullity has been previously sought and obtained, is applicable where defendants pray that the complaint be dismissed and the deed of sale upon which it was based be declared null and void.

Id.—A judgment declaring null and void a deed of purchase, not because of a defect of form, but because of an inherent defect which invalidates the contract contained therein, implicitly declares the nullity of the contract referred to in such deed.

### STATEMENT OF THE CASE.

In a civil action prosecuted in the Municipal Court of Ciales by the firm Viuda de Martinez & Co. against Don Julián Molina Olivero for the recovery of one hundred and fifty-five dollars and fifty-two cents, the said court rendered judgment in favor of the defendant, which judgment was reversed by a decision of the District Court of Arecibo on the 12th of July, 1901, requiring the said Molina Olivero to

de Julio de 1901, por la Corte de Distrito de Arecibo, condenando al Molina Olivero al pago de la cantidad reclamada y costas; y para la ejecución de ese fallo fueron embargadas, como de la propiedad del citado Molina Olivero, treinta cuerdas de terreno ubicadas en el barrio de "Pezas" del indicado pueblo, equivalentes á once hectáreas, setenta y nueve áreas y doce centiáreas, lindantes por el saliente con terrenos de Simplicia Nieves, Fernando Silva, Francisco Serrano, antes, y hoy "Viuda de Martinez y Compañía" y Sucesión de Ramón Rivera; por el Norte, con esa misma Sucesión, y por el Sur y Poniente con Julián Molina; radicando en dichos terrenos una casa habitación, terrera, techada de tejamanil y construida con maderas del país, de siete metros de frente por seis de fondo, un almacén de maderas del país, techado de paja de matojo y pencas de palma, y otra casa de maderas del país y techada de zinc, dedicada á tienda.

*Resultando:* que por escritura pública otorgada en el pueblo de Ciales á 17 de Marzo de 1901, ratificada por otra posterior, de 3 de Abril siguiente, Don Julián Molina Olivero vendió á su hijo Don Juan Molina Morales, por precio de cuatro mil quinientos pesos, de los que el vendedor confesó tener recibidos cuatro mil ciento veinte y cinco, quedando en poder del comprador los trescientos setenta y cinco restantes para satisfacer al Banco Español de Puerto Rico igual suma adeudada por el vendedor, siete porciones de terreno, entre las cuales figuraban una de seis cuerdas, equivalentes á dos hectáreas, treinta y cinco áreas y ochenta y dos centiáreas, valoradas en doscientos pesos; otra de setenta y cinco céntimos de cuerda, equivalentes á veinte y nueve áreas, cuarenta y ocho centiáreas, con casa de madera y almacén cobijado de paja, valorado todo en cuatrocientos pesos; otra de veinte y dos cuerdas, equivalentes á ocho hectáreas, sesenta y cuatro áreas y sesenta y dos centiáreas, con dos casas, una para tienda y otra para máquinas, valorado todo en mil pesos; y otra de diez cuerdas, equivalentes

pay the amount sued for, and all the costs of the proceeding, and for the purposes of the execution of the said judgment an attachment was levied on property of the said Molina Olivero consisting of thirty *cuerdas* of land situated in the ward of "Pezas", in the said town, equivalent to eleven hectares, seventy-nine ares and twelve centares, bounded on the east by lands belonging to Simplicia Nieves, Fernando Silva, formerly Francisco Serrano and now Viuda de Martinez & Co, and the Succession of Ramón Rivera; on the north by lands belonging to the said Succession, and on the south and west by lands belonging to Julián Molina; there being situated on the said land a one-story dwelling house with a shingle roof, constructed of native lumber, and measuring seven meters in front by six meters in depth; a warehouse built of native lumber covered with a roof built of straw and palm branches; and another house built of native lumber covered with a galvanized iron roof, used as a store.    By public deed executed in the town of Ciales on the 17th of March 1901, and ratified by a subsequent deed dated the 3rd of the following month of April, Don Julián Molina Olivero sold to his son, Don Juan Molina Morales, seven parcels of land among which there was one consisting of six *cuerdas*, equivalent to two hectares, thirty-five ares and eighty-two centares valued at two hundred *pesos;* another parcel consisting of seventy-five one hundredths of a *cuerda*, equivalent to twenty-nine ares and forty-eight centares, upon which there was situated a frame house, and a warehouse roofed with straw, all valued at four hundred *pesos;* another parcel of land consisting of twenty-two *cuerdas*, equivalent to eight hectares, seventy-four ares, and sixty-two centares, two houses being situated thereon, one used as a store and the other for machinery, all valued at one thousand *pesos;* another parcel of land consisting of ten *cuerdas*, equivalent to three hectares, ninety-three ares and three centares, valued at four hundred *pesos;* which four parcels of land are situated in the ward of Pezas, municipal jurisdiction of Ciales, and are all

á tres hectáreas, noventa y tres áreas y tres centiáreas, valoradas en cuatrocientos pesos; cuyas cuatro porciones de terreno radican en el barrio de "Peza" del término municipal de Ciales y forman un solo cuerpo compuesto de treinta y ocho cuerdas setenta y cinco centésimas.

*Resultando:* que Don Julián Molina Morales dedujo demanda de tercería de dominio ante la expresada Corte de Arecibo, con fecha 13 de Agosto de 1901, contra la Sociedad Mercantil "Viuda de Martinez y Compañía" y Don Julián Molina Olivero, alegando como hechos, además de los anteriormente expuestos, que las treinta cuerdas de terreno embargadas eran de su legítima propiedad por haberlas adquirido de Don Julián Molina Olivero en unión de otros terrenos, mediante las escrituras públicas de que se deja hecho mérito, las que acompañó á dicha demanda, estando enclavado dicho terreno dentro del perímetro de treinta y ocho cuerdas setenta y cinco centésimas, que forman las cuatro porciones ya descritas; invocó, como fundamentos de derecho, los artículos 348 y 349 del Código Civil, y los 459, caso 2, 1530 y 1533 de la Ley de Enjuiciamiento Civil, y concluyó con la súplica de que en su día se dictara sentencia, declarando que los bienes objeto de la tercería eran de su exclusivo dominio y se levantara, en su consecuencia, el embargo trabado sobre los mismos por "Viuda de Martinez y Compañía" con las costas á cargo del demandado ó demandados que se opusieran á su reclamación.

*Resultando:* que la Sociedad Mercantil, "Viuda de Martinez y Compañía", se opuso á la demanda, exponiendo que Don Julián Molina Olivero al vender á su hijo Don Juan Molina Morales los terrenos á que se refieren las escrituras acompañadas á la demanda, se había quedado sin bienes libres con que pagar la deuda reclamada; que el segundo no había podido comprar al primero dichos terrenos por carecer de lo necesario para su subsistencia y por tanto de los elementos precisos para realizar operaciones de tal entidad, y que Molina Olivero había vendido con el fin tan solo de

included in one tract consisting of thirty-eight and seventy-five one hundredths of a *cuerda* for the sum of four thousand five hundred *pesos*, and of which amount the vendor acknowledged to have received the sum of four thousand one hundred and twenty-five *pesos*, the purchaser retaining the balance of three hundred and seventy-five *pesos* for the payment of a debt amounting to that sum owing by the vendor to the Banco Español de Puerto Rico. Julián Molina Morales filed a complaint in intervention in the said Arecibo Court under date .of August 13, 1901, against the firm of Viuda de Martinez & Co., and Don Julián Molina Olivero, alleging in addition to the facts hereinbefore set out, that the thirty *cuerdas* of land on which attachment had been levied, was his legitimate property acquired by virtue of a purchase thereof from Don Julián Molina Olivero, together with other lands, by the aforesaid public deeds which were attached to the complaint, said lands comprising a tract of thirty-eight and seventy-five one hundredths of a *cuerda*, which is formed by the four parcels of land hereinbefore described and he invoked articles 348 and 349 of the Civil Code, and articles 459, paragraph 2, and 1530 and 1533 of the Law of Civil Procedure, and concluded the complaint by praying the court to render judgment declaring him to be the exclusive owner of the property which was the object of the complaint in intervention and that the attachment levied on the same by Viuda de Martinez & Co., be dissolved with the costs against the defendant, or defendants, contesting his complaint. The mercantile firm Viuda de Martinez & Co., contested the action alleging that Don Julián Molina Olivero on conveying to his son, Don Juan Molina Morales, the lands referred to in the deeds filed with the complaint, did not retain in his possession sufficient property to pay the debt claimed; that the said Molina Morales could not purchase the said lands from his father because he did not have the means wherewith to support himself, and therefore

no pagar á Viuda de Martinez y Compañía lo que le estaba adeudando : citó como fundamentos de derecho los capítulos 2, 5 y 6 del Título 2 del Libro 4 del Código Civil, en apoyo de la rescisión y nulidad del contrato de compra-venta realizado, por ser ilícita la causa de dicho contrato, y la Orden General de 6 de Marzo de 1899, según la cual el repetido contrato es simulado por constar que la negociación se hizo entre padre é hijo y sin que el Notario autorizante diera fé de la entrega del precio, ni el deudor retuviera en su poder bienes bastantes para responder del pago de lo que debía á "Viuda de Martinez y Compañía" : y suplicó se declarara sin lugar la tercería y nula la venta de bienes realizada por Don Julián Molina Olivero á favor de su hijo Molina Morales, mandando cancelar en el Registro de la Propiedad la inscripción del inmueble á favor del Molina Morales, en perjuicio de los derechos de la Sociedad Mercantil "Viuda de Martinez y Compañía", con las costas á cargo de la parte actora.

*Resultando :* que Don Julián Molina Olivero no compareció á contestar la demanda, por lo que fué declarado rebelde, continuándose el juicio en ausencia y rebeldía del mismo.

*Resultando :* que Don Juan Molina Morales produjo como pruebas, la documental, consistente en los títulos de propiedad que decoraban la demanda, y en la certificación del embargo trabado sobre los terrenos objeto de la tercería : la pericial, demostrativa de que las cuatro porciones de terreno, que según la demanda comprendían treinta y ocho cuerdas setenta y cinco centésimas, sólo tenían, según la mensura practicada, una extensión de treinta y dos cuerdas, siendo éstas las mismas embargadas en número de treinta, con las propias colindancias fijadas en la diligencia de embargo ; y la de testigos, que lo fueron Don José Pilar Santiago, Don Rogelio Archilla, Don Narciso Saez y Don Salvador Muñiz, los cuales declararon que Molina Morales ha trabajado como Comerciante y Agricultor y ha negociado también con ganado, creyendo, por tanto, que tuviera capital.

he could not have sufficient means to consummate a transaction of such a nature. and that Molina Olivero had disposed of the property solely for the purpose of avoiding the payment of the debt which he owed to Viuda de Martinez & Co. The said defendant cited as authority, chapters 2, 5 and 6 of title 2, book 4 of the Civil Code in support of his contention for the rescission and annulment of the contract of purchase and sale, because the consideration for the said contract was not lawful, and also cited General Order of the 6th of March, 1899, according to the provisions of which the said contract is simulated because it appears that the transaction was made between father and son, without the notary, before whom the instrument was executed, having certified to the delivery of the purchase price, and because the debtor failed to retain in his possession sufficient property to guarantee the payment of the amount which he owed to Viuda de Martinez & Co. The said defendant prayed the court to dismiss the complaint in intervention, and declare the sale of the property made by Don Julián Molina Olivero to his son Molina Morales, null and void, and order the cancellation in the Registry of Property, of the inscription of the realty in favor of Molina Morales, which was made to the prejudice of the interests of the mercantile firm Viuda de Martinez & Co., and tax the costs against the plaintiff. Don Julián Molina Olivero did not appear to answer the complaint, and was therefore declared to be in default, and the trial was proceeded with in his absence and default. Don Juan Molina Morales produced as documentary evidence the title deeds to the property which were attached to the complaint, and the certificate of the attachment levied upon the lands which are the object of the complaint in intervention. He also introduced expert testimony to show that the four parcels of land which, according to the complaint, composed the thirty-eight and seventy-five one hundredths of a *cuerda,* only contained thirty-two *cuerdas*, according to a survey made, this tract

*Resultando:* que la Sociedad Mercantil "Viuda de Martinez y Compañía" produjo, entre otras pruebas, las siguientes: primero, una certificación librada en 16 de Noviembre de 1901 por el Alcalde y Secretario Municipal del pueblo de Ciales, de la que aparece que en los repartos de contribuciones desde el año económico de 1895 á 96, hasta el de 1900 á 1901, no figuró Don Juan Molina Morales pagando contribución directa por bienes inmuebles, ni por concepto alguno; segundo, otra certificación librada en 4 de Noviembre citado, por el encárgado de la recaudación de contribuciones en el pueblo de Ciales, en la que consta que seguido contra Don Julián Molina Olivero, expediente de apremio para el cobro de las correspondientes á los años de 1898 á 99 y de 1900 á 1901, manifestó en 19 de Agosto del propio año que, careciendo de metálico y bienes muebles, suplicaba se le embargara parte de su cosecha de café, como así se verificó haciéndole depositario del fruto: tercero, un extracto de la cuenta de refacción de Don Julián Molina con "Viuda de Martinez y Compañía", que empieza en 26 de Marzo de 1900 y se cierra en 20 de Abril del año siguiente, con un saldo á favor de la referida Sociedad por valor de ciento cincuenta y cinco dollars cincuenta y dos centavos: cuarto, varias cartas dirigidas á Don Eduardo Barreras por Don Julián Molina, y que autoriza su hijo Don Juan, pidiendo provisiones y dinero, las que concuerdan con la cuenta de refacción presentada: quinto, confesión de Don Juan Molina Morales y Don Julián Molina Olivero, quienes han reconocido las cartas de que se deja hecho mérito, agregando el primero que no pagaba contribuciones por las profesiones que ejercía: y sexto, examen de los testigos Don Manuel Molina, Don Ramón Morales y Don Eusebio Serrano, de los cuales el primero declara que Don Juan Molina vivía al calor y abrigo de su padre y le ha visto negociando en un ventorrillo durante los cuatro ó cinco meses de la cosecha; el segundo, que Don Julián Molina facilitaba á su hijo los alimentos, si bien ha visto al Don Juan negociando en ga-

being the same that was attached as thirty *cuerdas*, and having the same boundaries as those stated in the order of attachment; testimony of the witnesses Don José Pilar Santiago, Don Rogelio Archilla, Don Narciso Saez, and Don Salvador Muñiz, who testified that Molina Morales has worked as a merchant and agriculturist, that he has traded in livestock, and they believing therefore that he possessed capital. The mercantile firm Viuda de Martinez & Co., produced, among other evidence, the following: First,—a certificate issued on the 16th of November, 1901, by the Mayor and Municipal Secretary of the town of Ciales, from which it appears that in the tax assessments from the fiscal year 1895-96 up to the fiscal year 1900-01 Don Juan Molina Morales did not appear as a direct tax payer on real estate or on any other property. Second,—another certificate issued on the 4th day of the aforesaid month of November by the officer in charge of the collection of taxes in the town of Ciales from which it appears that in a proceeding prosecuted against Don Juan Molina Olivero for the collection of taxes for the years 1898-99 and 1900-01, he stated on the 19th of August of the said year, that he did not possess any money or personal property, but requested that an attachment be levied on a portion of his coffee crop, which was done, he being made the custodian of the crop. Third,— a statement of an account of advances made to Don Julián Molina by Viuda de Martinez & Co., beginning on the 26th of March, 1900, and closed on the 20th of April of the following year, showing a balance in favor of the said firm amounting to one hundred fifty-five dollars and fifty-two cents. Fourth,—several letters addressed to Don Eduardo Barreras by Don Julián Molina, conferring authority upon his son, Don Juan, and asking for provisions and money, which said letters agree with the account of advancements made, and introduced in evidence. Fifth,—confession of Don Julián Molina Morales and Don Julián Molina Olivero, who acknowledged the letters referred to, the

nado y en un ventorillo, ignorando si lo hacía con dinero propio ó de su padre; y el tercero, que Don Julián Molina vivía en una casa de Don Juan, y que ha conocido á éste negociando en ganado y comprando café.

*Resultando:* que el Tribunal de Distrito de Arecibo dictó sentencia en 19 de Febrero del año próximo pasado, por la que declaró sin lugar la tercería de dominio interpuesta por Don Juan Molina Morales y nula la escritura de compraventa de bienes inmuebles otorgada en Ciales, ante el Notario Don Santiago R. Palmer, en 17 de Marzo de 1901 y ratificada en 31 del mismo mes, entre Don Julián Molina y Don Juan Molina Morales, por ser simulada, mandando quede subsistente el embargo trabado en bienes de Molina Olivero y que se cancele en el Registro de la Propiedad la inscripción de la escritura mencionada, con las costas á cargo del tercerista.

*Resultando:* que contra esa sentencia ha interpuesto Don Juan Molina Morales recurso de casación por infracción de ley, autorizado por los números 1, 2, 4 y 7, del artículo 1690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:

I.—Error de hecho en la apreciación de las pruebas, pues en documento auténtico, obrante en autos, se afirma que al ser requerido, en 19 de Agosto de 1901, Don Julián Molina, para el pago de sus contribuciones, contestó textualmente que careciendo de metálico y bienes muebles, suplicaba se le embargase parte de su cosecha de café, como así se hizo de lo cual se desprende que en la expresada fecha conservaba fincas en su poder, que producían cosechas, y eso, no obstante, se consigna en la sentencia recurrida, que al vender Don Julián Molina á su hijo Don Juan, en fecha anterior á las fincas rústicas litigiosas, hizo venta de todos sus bienes.

II.—Otro error de hecho en la apreciación de las pruebas al expresarse en la sentencia que la venta hecha en 17 de Marzo de 1901, tuvo lugar con posterioridad á la obligación contraida por el vendedor con "Viuda de Martinez y Compañía", cuando de la demanda solo se deduce que Molina Olivero fué condenado en segunda instancia, el 22 de Julio del año expresado, á pagar á "Viuda de Martinez y Compañía", sin que ni en dicha demanda, ni en la certificación auténtica de embargo, se consigne la fecha en que se con-

former adding that he did not pay taxes because he was exempt by reason of his profession. Sixth,—an examination of the witnesses, Don Manuel Molina, Don Ramón Morales and Don Eusebio Serrano, the first of whom testified that Don Juan Molina lived at the expense of his father, and that he has seen him trading in a small store during the four of five months of the harvest; the second, that Don Julián Molina supported his son, although he has seen Don Juan trading in live stock and at a small store, he not being aware whether he consummated these transactions with his own money or with that of his father, and the third, that Don Julián Molina lived in a house with Don Juan, and that he has known the latter as a trader in live stock and coffee. The District Court of Arecibo rendered judgment on the 19th of February of the year last past, dismissing the complaint in intervention filed by Don Juan Molina Morales, and declaring null and void the deed of purchase and sale of real estate, executed in Ciales before the Notary Don Santiago R. Palmer on the 17th of March, 1901 and ratified on the 31st of the same month, by Don Julián Molina and Don Juan Molina Morales, because the same was simulated, and ordering that the attachment levied on the property of Molina Olivero should continue in force and effect, and that the inscription of the deed referred to in the Registry of Property should be cancelled, with costs against the plaintiff in intervention. From this judgment Don Juan Molina Morales took an appeal in cassation for error of law, provided for by paragraphs 1, 2, 4 and 7 of article 1690 of the Law of Civil Procedure, alleging the following grounds of appeal:

I.—Error of fact in the consideration of evidence, since in an authentic document attached to the record, it is stated that on the 19th of August, 1901, Don Julián Molina was summoned for the purpose of requiring him to pay his taxes, to which he replied that having no money or personal property, he requested that a part of his coffee crop should be attached, which was so done, and from which it is inferred that on the said date he still retained in his possession real estate which produced crops, and notwith-

trajo la deuda y se dictó la sentencia de primera instancia, ni la cuenta corriente presentada como prueba y que cierra el 20 de Abril de 1901, ó sea con fecha posterior á la de la venta, haya sido reconocida por el deudor ó comprobada mediante el cotejo con los libros de la casa que la produjo, ni Molina Olivero haya confesado el crédito, pues las cartas que confesó haber dirigido á Don Eduardo Barreras, quien no consta sea gestor de "Viuda de Martinez y Compañía," no implican el reconocimiento de la expresada cuenta.

III.—Otro error de hecho en la apreciación de las pruebas al afirmarse que en la certificación del Colector de Rentas de Ciales, librada en 4 de Noviembre de 1901, aparece que Don Julián Molina carecía de bienes para efectuar el pago de las contribuciones atrasadas, correspondientes á su finca, habiéndosele embargado por ello la cosecha de las enagenadas en el mes de Marzo anterior á Don Juan Molina Morales, cuando de esa certificación solo resulta que en 17 de Agosto del año expresado se concedieron al Sr. Molina Olivero veinte y cuatro horas para presentar los recibos de sus contribuciones, apercibido de embargo y venta de bienes muebles, y que requerido en 19 del mismo Agosto para la presentación de los indicados recibos, expuso que careciendo de metálico y bienes muebles que realizar, suplicaba se le embargase parte de su cosecha de café, como así se hizo, viniendo por tanto á demostrar esa certificación que lejos de no haber Molina Olivero conservado bienes en su poder para hacer frente á todos sus créditos, conservaba como propias fincas rústicas que no se dice en dicha certificación, ni consta en el litigio, fueran las vendidas á Molina Morales.

IV.—Otro error de hecho en la apreciación de las pruebas, pues habida cuenta de lo anteriormente expuesto, es tan claro como la luz solar que el Tribunal sentenciador no pudo afirmar, como afirma en el fallo recurrido, que Molina Olivero no conservó bienes bastantes después del contrato litigioso para hacer frente á sus obligaciones.

V.—Error de derecho en la apreciación de las pruebas al no haberse aceptado sin suposiciones ni amplificaciones de conceptos, no comprobados en autos, lo que textualmente consta en la escritura pública de 17 de Marzo de 1901, ya que de los medios probatorios aportados al juicio, lejos de poderse deducir que Molina Olivero vendiera todos sus bienes á Molina Morales, se deduce todo lo contrario, según queda demostrado, habiéndose infringido de ese modo el artículo 1218 del Código Civil.

VI.—Otro error de derecho en la apreciación de las pruebas al no haber aceptado la Sala sentenciadora que ni de los hechos de la demanda, ni de la certificación de embargo, ni de la confesión prestada por Molina Olivero, se deduce la fecha en que fué contraída la deuda no justificada de éste respecto de "Viuda de Martinez y Compañía", infringiéndose, por tanto, los artículos 1218 y 1232 del Código Civil.

standing this it is set out in the judgment appealed from that Don Julián Molina in selling to his son Don Juan on a prior date the rural properties involved in this litigation, disposed of all of his property.

II.—Error of fact in weighing the evidence, it being stated in the judgment that the sale made on the 17th of March, 1901, took place on a date subsequent to the obligation contracted by the vendor to "Viuda de Martinez & Co.", when from the complaint it is only inferred that Molina Olivero was adjudged in the second instance on the 22nd of July of the year aforesaid to make payment to "Viuda de Martinez & Co.", it not being stated either in the complaint or in the authentic certificate of attachment on what date the debt was contracted, and the judgment was rendered in the first instance, nor has the account current introduced in evidence, and which was closed on the 20th of April, 1901, that is to say, on a date subsequent to that of the sale, been acknowledged by the debtor or the purchaser by means of comparison with the books of the house which introduced the same in evidence, nor has Molina Olivero acknowledged the debt, since the letters which he acknowledged to have addressed to Don Eduardo Barreras, who is not shown to have been the managing partner of "Viuda de Martinez & Co.", do not imply an acknowledgment of the validity of the said account.

III.—Error of fact in the consideration of evidence, in stating that it appears in the certificate issued by the tax collector of Ciales on the 4th of November, 1901, that Don Julián Molina did not possess suficient property to pay the back taxes on his land, and that an attachment for the collection of said taxes was levied on the crop produced on the said lands, conveyed in the months of March to Don Juan Molina Morales, when from that certificate it only appears that on the 17th of August of the aforesaid year, twenty-fours hours were given to Mr. Molina Olivero to present his tax receipts under penalty of an attachment of his real estate, and that being required on the 19th of the said month of August to present the said receipts, he stated that having no money nor personal property upon which he could realize, he requested that an attachment be levied on a portion of his coffee crop, which was done, the said certificate therefore showing that Molina Olivero, far from not having retained in his possession sufficient property with which to satisfy all of his creditors, retained rural properties which are not mentioned in the said certificate and which do not appear to have been sold to Molina Morales.

IV.—Error of fact in the consideration of evidence, inasmuch as from the foregoing facts, it is as clear as the noon-day sun that the trial court should not have held, as it has done in the judgment appealed from, that Molina Olivero did not retain sufficient property in his possession, after the contract involved in this litigation, to meet his obligations.

V.—Error of law in the consideration of evidence in not accepting, without

VII.—Otro error de derecho en la apreciación de las pruebas al no haber parado mientes el Tribunal sentenciador en las declaraciones de los testigos presentados por ambas partes, los que manifestaron que Molina Morales vivía de sus frecuentes negociaciones, suponiéndole capital bastante para haber hecho la que es objeto del pleito, habiendo infringido en su consecuencia la doctrina establecida por varias sentencias del Tribunal Supremo de España, entre ellas las de 2 de Julio de 1883 y 16 de Enero de 1891, de que debe darse crédito al dicho unánime de testigos no tachados, cuando otras pruebas de más valor no lo contradigan, como también infringió los artículos 1248 del Código Civil y 658 de la Ley de Enjuiciamiento Civil; sin que pueda alegarse en contra, que según certificación obrante en autos, Molina Morales no pagaba contribuciones por bienes de clase alguna, pues aparte de que dicha certificación solo alcanza hasta el año económico de 1900 á 1901, y por tanto no podía Molina Morales haber dado de altas, como suyas, las fincas compradas hasta Junio de 1901, el no pagar contribuciones por ellas no demuestra que no fueron de su propiedad, ya que no se ha comprobado que otro las pagara, y además hay muchos que poseen bienes y por ocultación no satisfacen tributos.

VIII.—Otro error de derecho en la apreciación de las pruebas al no haberse estimado en su conjunto el resultado de todas las practicadas, de las cuales, así estimadas, no se deduce en modo alguno lo que afirma la Sala sentenciadora como base del fallo, infringiendo así el principio legal de que los elementos probatorios deben ser juzgados en su conjunto, según doctrina establecida por el Tribunal Supremo de España en sentencias de 31 de Diciembre de 1883, 25 de Febrero, 18 de Abril, 31 de Marzo y 1 de Julio de 1884, 5 de Mayo y 28 de Octubre de 1885, 27 de Enero y 22 de Septiembre de 1888, 6 de Febrero y 17 de Abril de 1889, 9 de Junio de 1890, 28 de Diciembre de 1891, 18 de Enero de 1892 y 28 de Enero de 1893.

IX.—Infracción del principio jurídico *actore non probante reus est absolvendus,* aplicable á *contrario sensu* al demandado que como "Viuda de Martinez y Compañía" no prueba sus excepciones, según la doctrina establecida por el Tribunal Supremo de España en sentencias de 21 de Diciembre de 1882 y 18 de Abril de 1884, como también por la de esta Corte Suprema de 2 de Marzo de 1899.

X.—Infracción de los artículos 1, 2 y 3 de la Orden Judicial de 6 de Marzo, aclarada por la de 20 del mismo mes de 1899, y de la doctrina aclarando dichos artículos, sentada por este Tribunal Supremo, en su sentencia de 2 de Marzo de 1900, según la cual la simulación y el fraude no se presumen más que en los casos que determinan los artículos 1111, 1292 y 1297 del Código Civil, demostrándolo así la predicha Orden Judicial, que prescribe la prueba de la simulación y el no retener el deudor bienes bastantes con que

indulging in suppositions and enlargements not justified by the record, the literal language of the public deed executed on the 17th of March, 1901, inasmuch as from the evidence introduced on the trial, it should not be inferred that Molina Olivero sold all his property to Molina Morales, but the contrary is clear, as has been shown,—article 1218 of the Civil Code having thus been violated.

VI.—Error of law in the consideration of evidence, in that the trial court did not hold that the date on which the debt was contracted between "Viuda de Martinez & Co." and Molina Olivero was not shown either by the facts set out in the complaint, the certificate of attachment, or the confession made by Molina Olivero, thus violating articles 1218 and 1232 of the Civil Code.

VII.—Error of law in the consideration of evidence, in that the trial court disregarded the testimony of the witnesses introduced by both parties who stated that Molina Morales lived from the result of his frequent business transactions, supposing that he had sufficient capital to have consummated the transaction of which this litigation is the outcome, and therefore the legal doctrine established by various judgments of the Supreme Court of Spain has been violated and among them the judgments of July 2nd, 1883 and 16th of January 1891, to the effect that the unimpeached testimony of witnesses should be given credence when not contradicted by other evidence of greater value; and articles 1248 of the Civil Code and 658 of the Law of Civil Procedure have also been violated. It cannot be alleged in opposition, that according to the certificate attached to the record, Molina Morales did not pay taxes on any kind of property, since aside from the fact that the said certificate only covers the fiscal year 1900-1901, and therefore until June 1901, Molina Morales could not have declared as his the lands which he bought, the fact that he paid no taxes on them does not show that they were not his property, since it has not been shown that any one else paid such taxes, and moreover there are many persons who possess real estate and pay no taxes thereon by keeping secret the fact that they possess such property.

VIII.—Error of Law in the consideration of evidence, in that the court did not consider as a whole the evidence which was introduced, from which evidence so considered the statements made by the trial court, taken as a basis for its judgment, are in no wise supported, this constituting a violation of the legal principle that all of the evidence should be considered together, according to the jurisprudence established by the Supreme Court of Spain in its judgments of the 31st of December 1883, 25th of February, 18th of April, 31st of March and 1st of July 1884, 5th of May and 28th of October 1885, 27th of January and 22nd of September 1888, 6th of February and 17th of April 1889, 9th of June 1890, 28th of December 1891, 18th of January 1892 and 28th of January 1893.

cubrir sus créditos en contra, extremos que no ha justificado la Sociedad "Viuda de Martinez y Compañía".

XI.—Infracción de los artículos 1261 y 1275 del Código Civil porque no habiendo probado "Viuda de Martinez y Compañía" que no tiene causa ó que es ilícita la de la venta hecha por Molina Olivero á Molina Morales, se ha declarado nula la escritura en que dicho contrato consta, fundándose la Sala sentenciadora en aquellas disposiciones legales.

XII.—Infracción de la doctrina jurídica de que las acciones ó excepciones que se fundan en la nulidad de un acto ó de una obligación ó de un documento público y solemne no pueden ejercitarse útilmente, sin que primero se demande ó haya obtenido la declaración de dicha nulidad, doctrina establecida por el Tribunal Supremo de España, entre otras sentencias, en la de 28 de Octubre de 1867, é infringida por la Sala sentenciadora al dejar prosperar la excepción de nulidad del contrato litigioso, propuesta por el demandado como base de su contestación á la demanda, sin que previamente obtuviera tal declaración.

XIII.—Incongruencia de las sentencias con las pretensiones deducidas por el demandado, pues en la súplica de la contestación de la demanda se pide que se desestime la tercería interpuesta, que se declare nula la venta de bienes realizada por Molina Olivero á favor de Molina Morales, y que se mande cancelar la inscripción del inmueble hecha á favor del segundo, mientras que en la sentencia se desestima la tercería, se declara nula la escritura de compra-venta de los referidos bienes y se manda cancelar su inscripción en el Registro de la Propiedad, siendo, por tanto, claro que el fallo difiere substancialmente de la petición del demandado, pues el contrato es una cosa y otra la escritura en que se hace constar, la nulidad del instrumento no apareja la del contrato, y la nulidad del contrato lleva consigo la del instrumento, habiéndose infringido en su consecuencia la doctrina legal sentada por las sentencias del Tribunal Supremo de Madrid de 18 de Marzo de 1859, 13 de Enero y 22 de Diciembre de 1860, 16 de Enero de 1862, 13 de Febrero de 1865, 23 de Febrero de 1867, 13 de Junio de 1869, 7 de Julio de 1875, 16 de Marzo de 1876, 3 de Mayo de 1884, 21 de Abril de 1887 y 9 de Abril de 1890, que dicen deben ser las sentencias congruentes con las pretensiones deducidas oportunamente en el pleito y resolver *todos los puntos* objeto del debate.

XIV.—Infracción de la Jurisprudencia constante del Tribunal Supremo de Madrid, concretada en su fallo de 23 de Febrero de 1874, según la cual son nulas aquellas sentencias cuyas disposiciones son contrarias entre sí y de imposible cumplimiento, precepto aplicable á la recurrida, porque sin tener la precisión exigida por la Jurisprudencia consignada en el motivo anterior, la infringe abiertamente contradiciéndose al declarar sin lugar la demanda

IX.—Violation of the legal principle *actore non probante reus est absolvendus,* applicable, *contrario sensu,* to a defendant, who like "Viuda de Martinez & Co.", does not prove his exception in accordance with the doctrine announced by the Supreme Court of Spain in its judgments of the 21st of December 1882 and 18th of April 1884, as also the judgment of this Supreme Court of the 2nd of March 1899.

X.—Violation of articles 1, 2 and 3 of the Judicial Order of the 6th of March, explained by the Judicial Order of the 20th of the same month, 1899, and the doctrine explaining said articles announced by this Supreme Court in its judgment of the 2nd of March 1900, according to which simulation and fraud are not presumed except in those cases provided for by articles 1111, 1292 and 1297 of the Civil Code, this being shown by the aforesaid Judicial Order, which requires proof of simulation, and of the fact that a debtor has not retained in his possession sufficient property to secure the payment of his debts, which points have not been proved by the firm "Viuda de Martinez & Co."

XI.—Violation of articles 1261 and 1275 of the Civil Code, because "Viuda de Martinez & Co." having failed to prove that there was no consideration for the sale made by Molina Olivero to Molina Morales, or that such consideration was illegal, the deed in which the said agreement is set out has been declared null and void, the trial court basing its decision on the aforesaid articles.

XII.—Violation of the doctrine that actions or "exceptions" (demurrers) based on the nullity of an act or an obligation, or (on the nullity of) a public instrument, cannot be successfully prosecuted until the annulment thereof has been demanded or a declaration of such nullity has been obtained. This doctrine was announced by the Supreme Court of Spain, among other judgments, in that of the 28th of October, 1867, which has been violated by the trial court in sustaining the exception of nullity of the contract involved in this litigation, alleged by the defendant as the basis for his answer to the complaint, without such declaration having been previously obtained.

XIII.—That the judgments are inconsistent with the demands of the defendant, since in the prayer contained in the answer to the complaint, defendant asks that the complaint in intervention be dismissed; that the sale made of the property by Molina Olivero to Molina Morales, be declared null and void, and that the inscription thereof in the Registry of Property be ordered cancelled, while in the judgment the complaint in intervention is dismissed, the deed of purchase and sale conveying the said properties is declared null and void, and the inscription thereof in the Registry of Property is ordered to be cancelled; it being therefore clear that the judgment differs substantially from the petition of the defendant, since a contract is one thing and the deed in which the contract is set out, is another. The nullity of the

de tercería de dominio, sin declarar nulo el contrato por el que se adquirió tal dominio.

Abogados del recurrente : *Sres. Díaz* y *Lopez Landrón.*

Abogado de la Sociedad recurrida : *Sr. Alvarez Nava.*

La otra parte recurrida no compareció.

El Juez Asociado Sr. MacLeary, después de exponer los hechos anteriores emitió la siguiente opinión del Tribunal :

*Considerando :* que la Sala sentenciadora apreciando en conjunto y combinando entre sí los méritos de las pruebas documental, testifical y de confesión aportadas por las partes al juicio, ha estimado simulado y en fraude de la Sociedad Mercantil "Viuda de Martinez y Compañía" el contrato de compra-venta de bienes inmuebles celebrado en Ciales en 17 de Marzo de 1901, ante el Notario Don Santiago R. Palmer y ratificado posteriormente en esta Capital, el 3 de Abril siguiente, entre Don Juan Molina Morales y su padre Don Julián Molina Olivero, y en su consecuencia, declaró nula la escritura pública en que se consigna dicho contrato, y que sirve de fundamento á la presente tercería, desestimando ésta y mandando cancelar la inscripción de esa escritura en el Registro de la Propiedad.

*Considerando :* que para que la referida Sala hubiera incurrido en los errores de hecho que se le atribuyen al apreciar las pruebas de que se deja hecho mérito, sería necesario demostrar por documentos ó autos auténticos, demostrativos de la equivocación evidente del juzgador, que la deuda cuyo cobro persigue la Sociedad "Viuda de Martinez y Compañía", fué contraida con posterioridad á la escritura de venta otorgada por Don Julián Molina Olivero á favor de Don Juan Molina Morales ; que el precio de la venta fué entregado realmente por el comprador al vendedor ; que éste retuvo en su poder bienes bastantes para realizar el solvento de dicha deuda, y que el Molina Morales no tuvo conocimiento de ella ; extremos que no se han justificado en

instrument does not involve the nullity of the contract, and the annulment of the contract carries with it the nullity of the instrument, the court having therefore violated the legal doctrine announced by the judgments of the Supreme Court of Madrid dated the 18th of March, 1859, the 13th of January and 22nd of December, 1860, 16th of January, 1862, 13th of February, 1865, 23rd of February, 1867, 13th of June, 1869, 7th of July, 1875, 16th of March, 1876, 3rd of May, 1884, 21st of April, 1887 and 9th of April, 1890, which held that judgments must be consistent with the claims duly set up in the case, and must decide all of the points in dispute.

XIV.—Violation of the jurisprudence of the Supreme Court of Madrid, established in its judgment of the 23rd of February, 1874, according to which, judgments whose different provisions are conflicting and impossible of compliance, are null and void. This principle is applicable to the judgment appealed from, because inasmuch as it is not drafted with that precision required by the jurisprudence cited in the foregoing ground of appeal it manifestly violates the same, it being contradictory of its own provisions since it dismisses the complaint in intervention without annulling the contract by which the ownership was acquired".

*Messrs. Diaz* and *Lopez Landrón*, for appellant.

*Mr. Alvarez Nava*, for respondent.

The other party respondent made no appearance.

MR. JUSTICE MACLEARY, after stating the foregoing facts, delivered the following opinion of the court:

The trial court on considering together all of the evidence, consisting of documentary evidence, the testimony of witnesses and the evidence of confession, introduced by the parties at the trial, held that the contract of purchase and sale of real estate, executed in Ciales on the 17th of March, 1901, before the Notary Santiago R. Palmer, and subsequently ratified in this city on the 3rd of April following, by Don Juan Molina Morales and his father Don Julián Molina Olivero, was simulated and in fraud of the mercantile firm, "Viuda de Martinez & Co.", and in consequence thereof declared null and void the public deed in which the said contract is set out, and which serves as a basis for this complaint in intervention, dismissing the said complaint in intervention and ordering the cancellation of the record of the said deed in the Registry of Property. In order to sustain the allega-

autos por los medios auténticos que exige el número 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, cuando el recurso de casación se funda en error de hecho en la apreciación de las pruebas, pues, por el contrario, del juicio resulta que el crédito de "Viuda de Martinez y Compañía" fué anterior, en casi todas las partidas que lo constituyen, á la mencionada escritura de venta; que el recibo del precio de ésta fué confesado por el vendedor, sin que el Notario diera fé de la entrega del dinero, y que dicho vendedor no retuvo bienes en su poder para solventar la deuda contraida á favor de "Viuda de Martinez y Compañía", de cuya deuda tenía conocimiento el tercerista por haber firmado á nombre de su padre las órdenes que como comprobantes de ella han venido al juicio, y que han sido reconocidas en forma debida; por todo lo cual son inadmisibles los errores de hecho alegados por el recurrente.

*Considerando :* que tampoco en la apreciación de las pruebas se han cometido errores de derecho con infracción de los artículos 1218 y 1232 del Código Civil antiguo y de la Jurisprudencia que se invoca del Tribunal Supremo de España, pues el Tribunal de Arecibo ha dado á los documentos traidos al pleito el alcance y significación que la Ley les señala, como también á la prueba de confesión la eficacia que merece, aquilatando además la fuerza probatoria de las declaraciones de los testigos, conforme á las reglas de la sana crítica, según preceptúa el artículo 658 de la Ley de Enjuiciamiento Civil; y si ha negado valor legal á la escritura que sirve de título á la tercería, ha sido por exigirlo así los diversos elementos probatorios, que convencen de la simulación del contrato que esa escritura entraña.

*Considerando :* que las infracciones de ley que se suponen cometidas como consecuencia de los errores de hecho y de derecho que se atribuyen al Tribunal sentenciador, en la apreciación de las pruebas, son de desestimarse por falta del supuesto que les sirve de fundamento; y que por lo que atañe á la doctrina jurídica, que también se dice infringida,

tion that the said trial court committed errors of fact in its consideration of the evidence, it would be necessary to prove by documents or authentic pleadings showing the evident error of the judge, that the debt sought to be collected by "Viuda de Martinez & Co." was contracted on a date subsequent to the execution of the deed of sale by Julián Molina Olivero and Juan Molina Morales; that the purchase price was really delivered by the purchaser to the vendor; that the said vendor retained in his possession sufficient property to satisfy the said debt; and that Molina Morales had no knowledge of the existence of the said debt; which facts have not been proved by the authentic means required by paragraph 7 of article 1690 of the Law of Civil Procedure, when an appeal in cassation is based on error of fact in the consideration of evidence. On the contrary, it was shown on the trial that nearly all of the items constituting the debt owing to "Viuda de Martinez & Co." were contracted prior to the execution of the aforesaid deed of sale; that the receipt of the purchase price was acknowledged by the vendor without a notary having certified to the delivery of the money, and that the said vendor did not retain in his possession suficient property to satisfy the debt contracted and owing to "Viuda de Martinez & Co.", of the existence of which debt the plaintiff in intervention had knowledge, because he signed in the name of his father the orders which have been introduced in evidence, and which have been duly acknowledged; for all of which reasons the errors alleged by the appellant to have been committed, cannot be sustained. Nor have errors of law been committed in the consideration of the evidence, in violation of articles 1218 and 1232 of the old Civil Code, nor in violation of the jurisprudence of the Supreme Court of Spain, which have been invoked, inasmuch as the Arecibo Court has given to the documents introduced at the trial the scope and meaning therefor provided by law, and has also given due weight to the evidence of confession and has placed upon the testi-

relativa á que las acciones ó excepciones que se funden en la nulidad de un acto ó de una obligación ó de un documento público, no pueden ejercitarse debidamente sin que previamente se demande y obtenga la declaración de dicha nulidad, tal doctrina ha tenido aplicación en el caso de autos, pues la Sociedad "Viuda de Martinez y Compañía, al solicitar que se declarara sin lugar la tercería, interesó además que se declarara nula la venta de los bienes, que se alegaba como fundamento de la misma.

*Considerando :* que la sentencia recurrida guarda congruencia con las pretensiones deducidas por el demandado, pues al declarar nula la escritura de compra-venta, no por defecto de formalidades externas, sino por vicio que invalida el contrato en ella consignado, claro es que implícitamente fué declarado nulo el contrato, según había solicitado la Sociedad "Viuda de Martinez y Compañía", y que tampoco dicha sentencia contiene disposiciones contradictorias, como lo revela la simple lectura de su parte dispositiva.

*Considerando:* en mérito de todo lo expuesto, que el recurso es improcedente por todos y cada uno de los motivos que le sirven de base.

*Fallamos :* que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Juan Molina Morales, al que condenamos en las costas.   Y con devolución de los autos comuníquese esta resolución al Tribunal de Distrito de Arecibo, á los fines procedentes.

Jueces concurrentes : Sres. Presidente Quiñones, y Asociados, Hernández, Figueras, y Sulzbacher.

mony of the witnesses, the probatory value to which it is entitled "according to rules of sound judgment", as provided by article 658 of the Law of Civil Procedure.   Although the court below has denied the legal value of the deed upon which the complaint in intervention is based, it was because such denial became necessary, in view of the various elements constituting the evidence, which left no doubt as to the simulation of the contract contained in the said deed. The allegation of violation of law claimed to have been committed in consequence of the errors of fact and of law into which the trial court is alleged to have fallen in its consideration of the evidence, cannot be sustained, because the court did not err in its consideration of the evidence; and with respect to the alleged violation of the legal doctrine that actions or "exceptions", based on the nullity of an act or of an obligation or on the nullity of a public instrument, cannot be successfully prosecuted, unless a declaration of the nullity thereof has been previously demanded and obtained, such doctrine has been applied in the case at bar, inasmuch as the firm "Viuda de Martinez & Co." in requesting that the complaint in intervention be dismissed, also prayed that the sale of the property which was the basis for the action should be declared null and void.   The judgment appealed from is consistent with the pleadings of defendant, inasmuch as in holding that the deed of purchase and sale is null and void, not on account of any extrinsic defect of form, but on account of a fundamental defect which invalidates the contract therein set out, it is clear that it implicitly declared the contract null and void, as had been requested by the firm "Viuda de Martinez & Co."; nor does the said judgment contain any conflicting conclusions as will be seen by a perusal of that portion thereof in which disposition is made of the case.   In accordance with the foregoing views, none of the grounds upon which the appeal is based can be sustained.   We adjudge that we should declare, and do declare, that the appeal in cassation taken

## Luzunaris *v.* Pastor.

Casación procedente de la Corte de Distrito de Humacao.

No. 64.—Resuelto en Marzo 3, 1903.

Divorcio.—Aunque el artículo 19 de la Orden General de 17 de Marzo, 1899, prescribe que el divorcio puede ser decretado solamente en matrimonio puramente civil, como la sección 8 de la Ley Orgánica, ó *Ley Foraker*, dispone *que todas las personas legalmente casadas, residentes en Puerto Rico, tendrán todos los derechos y recursos conferidos por la ley á los contrayentes de matrimonios civiles ó religiosos*, es claro y evidente que la intención del Congreso fué conferir todos aquellos derechos y recursos á todas las personas *legalmente casadas*, ya fuese celebrado el matrimonio por la autoridad civil ó por la santidad de la Iglesia.

Id.—Las disposiciones del artículo 19 de la Orden General de Marzo 17, 1899, en cuanto se refieren únicamente á matrimonios civiles, están en conflicto con la Ley Orgánica y deben tener aplicación también á los matrimonios religiosos.

EXPOSICIÓN DEL CASO.

*Resultando :* que el día 20 de Marzo de 1902 Doña Carolina Luzunaris y Dominguez, representada por su Abogado Don Herminio Diaz Navarro, entabló demanda en el Tribunal del Distrito de Humacao contra su esposo Don Ramón Pastor Diaz, en la que, entre otros hechos, alegó que en 7 de Noviembre de 1898 contrajeron ambos matrimonio, con arreglo al ritual romano, en la parroquia del pueblo de Guayama, según consta en la certificación presentada ; que en esa unión tuvieron un niño llamado German Ignacio; que vive, y nació el 9 de Septiembre de 1900, y que ya en la primera semana del matrimonio y en numerosas ocasiones después, dicho Pastor la golpeó y maltrató, por lo que se vió precisada á huir del hogar conyugal y á buscar socorro y protección en la casa de sus padres, para evitar estos malos tratamientos ; invocó, como fundamentos de derecho, las secciones 18, 19, 20, 23 y 25 de la Orden de la Secretaría de Justicia del Gobierno Militar de esta Isla, de 17 de Marzo de 1899, la sección 8ª de la Ley Foraker, y la regla 63 de la Orden General No. 118, serie de 1899, y concluyó con la súplica de que se dictara sentencia definitiva, declarando

by Don Juan Molina Morales does not lie, and tax the costs against appellant. This judgment will be communicated to the District Court of Arecibo, and the record returned to the said court, for compliance therewith.

Mr. Chief Justice Quiñones and Associate Justices Hernández, Figueras and Sulzbacher concurred in the foregoing opinion and judgment.